IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 15-cv-00229-GPG

TERRY BETTS,

    Applicant,

v.

TRAVIS TRAN[I], Warden,

    Respondent.

## ORDER OF DISMISSAL

Applicant, Terry Betts, is a prisoner in the custody of the Colorado Department of Corrections ("CDOC") at the Colorado State Penitentiary in Canón City, Colorado. Mr. Betts has filed, *pro se*, an Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 (ECF No. 1). He has been granted leave to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915.

The Court reviews the Application liberally because Mr. Betts is not represented by an attorney. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not be an advocate for a *pro se* litigant. *See Hall*, 935 F.2d at 1110. For the reasons stated below, the action will be dismissed.

Mr. Betts alleges in the Application that the CDOC is withholding earned time credits because he has not entered and completed a community therapeutic program; however, the CDOC refuses to place him in a community therapeutic program. According to Applicant, he is entitled to receive "over one year's worth of earned time,"

pursuant to COLO. REV. STAT. (C.R.S.) §§ 17-22.5-302 and 17-22.5-405. Mr. Betts asserts that he has a constitutionally-protected liberty interest in the award of earned time credits under Colorado law. He is mistaken.

Under Colorado statute, "earned time . . . may be deducted from the inmate's sentence upon a demonstration . . . that he has made substantial and consistent progress in [a number of categories]." § 17.22.5-302(1); *see also* § 17-22.5-405(1) (stating that "earned time . . . may be deducted from the inmate's sentence. . ."). For inmates sentenced for crimes committed on or after July 1, 1985, the CDOC has discretion to "withhold" or "withdraw" any "earned time deduction[s]." § 17.22.5-302(4), C.R.S. The CDOC's Official Time Computation Report for Mr. Betts, attached to the Application, shows that Applicant was sentenced for crimes committed in 2005 and 2009. (ECF No. 1, at 8). Accordingly, under state statute, the award of earned-time credits to Mr. Betts is within the discretion of prison officials and, therefore, he does not have a constitutionally protected liberty interest in earned-time credits. *See Fogle v. Pierson*, 435 F.3d 1252, 1262 (10th Cir. 2006).

Further, in Colorado, earned-time credits do not count as service of an inmate's sentence, *see Rather v. Suthers*, 973 P.2d 1264, 1266 (Colo.1999), but instead function only to establish parole eligibility, *see Jones v. Martinez*, 799 P.2d 385, 387-88 and n.5 (Colo.1990) (collecting cases). *Cf. Thiret v. Kautzky*, 792 P.2d 801, 805-07 (Colo.1990) (recognizing an exception for inmates sentenced to a crime committed after July 1, 1979, but before July 1, 1985, who are normally entitled to mandatory, not discretionary, parole (except for sex offenders)). Therefore, even if Mr. Betts was awarded all of the earned time credits to which he claims an entitlement, he would not be assured

immediate or speedier release. *See Kailey v. Price*, No. 12-1276, 497 F. App'x 835, 836-37 (10th Cir. Sept. 27, 2012) (unpublished) (citing *Boutwell v. Keating*, 399 F.3d 1203, 1209 (10th Cir. 2005) ("[H]abeas corpus is the only avenue for a challenge to the fact or duration of confinement, at least when the remedy requested would result in the prisoner's immediate or speedier release from that confinement.") (emphasis in original omitted); *see also Frazier v. Jackson*, No. 09-1429, 385 F. Appx. 808, 810-11 (10th Cir. 2010) (unpublished) ("An application for habeas relief may be granted only when the remedy requested would result in the prisoner's immediate or speedier release from confinement.").

Because Mr. Betts cannot demonstrate that he has a liberty interest in the withheld earned time credits that is protected by the Due Process Clause, or that he is entitled to speedier release from prison,[1] the Application is without merit. Accordingly, it is

ORDERED that the Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 (ECF No. 1), filed by Applicant, Terry Betts, on February 2, 2015, is DENIED and this action is DISMISSED. It is

FURTHER ORDERED that no certificate of appealability will issue because jurists of reason would not debate the correctness of the procedural ruling and Mr. Betts

---

[1] Applicant's claims that the CDOC has violated his Fourteenth Amendment equal protection rights and the Eighth Amendment falter on the same ground. Moreover, the failure to award earned time credits does not implicate either the Equal Protection Clause or the Eighth Amendment. *See Fogle*, 435 F.3d at 1261 (equal protection claim fails where act complained of is within discretion of prison officials because it is not plausible that "there are no relevant differences between [the petitioner] and other inmates that reasonably might account for their different treatment.'") (quoting *Templeman v. Gunter*, 16 F.3d 367, 371 (10th Cir. 1994)); *see also Fistell v. Neet*, No. 03-1285, 125 F. App'x 219, 225 (10th Cir. 2005) (affirming the district court's dismissal of Eighth Amendment claim and Fourteenth Amendment equal protection claim challenging the denial of earned time credits as legally frivolous).

has not made a substantial showing of the denial of a constitutional right. It is

FURTHER ORDERED that leave to proceed *in forma pauperis* on appeal is denied for the purpose of appeal. The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith. *See Coppedge v. United States*, 369 U.S. 438 (1962). If Mr. Betts files a notice of appeal he must also pay the full $505 appellate filing fee or file a motion to proceed *in forma pauperis* in the United States Court of Appeals for the Tenth Circuit within thirty days in accordance with Fed. R. App. P. 24.

DATED February 18, 2015, at Denver, Colorado.

BY THE COURT:

s/Lewis T. Babcock
LEWIS T. BABCOCK, Senior Judge
United States District Court